(Nos. 84-CC-1439, 84-CC-2749 cons.—

ALVA W. BUSCH, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1986.*

CLYDE L. KUEHN, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

The above consolidated claims came on for hearing on June 18, 1985. At the close of the hearing, it was stipulated between the Claimant and the Respondent as to the fact that an award should be entered in both claims for stipulated amounts. The Claimant is seeking to recover lost wages in case No. 84-CC-1439. In case No. 84-CC-2749 he is seeking to recover lost standby pay.

The Claimant was employed in 1982 as a crime scene technician by the Illinois Department of Law Enforcement. He was suspended by the Department from February 28 through March 20, 1982, again from April 26 through April 30, 1982, and again from June 21 through July 18, 1982. On July 21, 1982, he was discharged from his employment. After an appeal to the Civil Service Commission of the State of Illinois, the Claimant was reinstated and resumed his employment with the Department on May 15, 1983. The Civil Service Commission determined that the three suspensions and the discharge were all wrongful.

As a result of the suspension beginning on February 28, 1982, and the suspension beginning on April 26, 1982, the Claimant lost the total of $1,809.00. As a result of the suspension beginning on June 21, 1982, and the ultimate discharge on July 21, 1982, through April 14, 1983, the total lost wages suffered by the Claimant were $15,310.47. During the time of his discharge, the Claimant received in unemployment compensation and in earnings from a part-time job a total of $10,234.00, leaving a total net loss of income of $6,885.47 from the three suspensions and the discharge.

In addition to his regular wages, the Claimant was also paid by the Department what is known as standby pay. This was paid to the Claimant for those hours for which he was required to be on standby call when he wasn't on duty. Based upon calculations made by the Department, the standby pay which would have been paid to the Claimant for the suspension beginning February 28, 1982, was $395.04; for the suspension beginning June 21, 1982, $230.44; and for the discharge beginning July 21, 1982, $4,972.80. The total standby pay not paid to the Claimant was $5,598.28.

Based upon the evidence heard at the hearing and the subsequent stipulation by the parties, we find that the Claimant is entitled to $6,885.47 in case No. 84-CC-1439 and an award of $5,598.28 in case No. 84-CC-2749.

Wherefore, it is hereby ordered that the Claimant be, and hereby is, awarded $6,885.47 in full and final satisfaction of his claim in case No. 84-CC-1439. It is further ordered that Claimant be, and hereby is, awarded $5,598.28 in full and final satisfaction of his claim in case No. 84-CC-2749. These awards are subject to withholdings and contributions set forth on Appendix A (attached).

## APPENDIX A

Identification of State Contributions and Deductions from Back Salary Award.

To the State Employees' Retirement System:

| | |
|---|---:|
| Employee's contribution to State Employees' Retirement System | 1672.70 |
| Employee's contribution to FICA | .00 |
| State's contribution to State Employees' Retirement System | 1156.60 |
| State's contribution to FICA | .00 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---:|
| Claimant's Federal Income Tax | 2496.75 |

To Illinois Department:

| | |
|---|---:|
| Claimant's Illinois Income Tax | 312.09 |

To the Claimant:

Net salary 8002.21

Total Award $13,640.35